FILED'09 MAY 12 14:10 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN L. CALVERT,                                                      CV. 07-1466-JE

        Plaintiff,                  FINDINGS AND RECOMMENDATION

    v.

J.E. THOMAS,

        Defendant.

JELDERKS, Magistrate Judge.

This civil action comes before the court on defendant's Motion to Dismiss for lack of subject matter jurisdiction (#26), and plaintiff's Motion for Judgment by Default (#31). For the reasons set forth below, both Motions should be denied.

I. **Motion to Dismiss (#26)**

When a defendant moves to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the court does, indeed, have jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994). The court will grant defendant's

1 - FINDINGS AND RECOMMENDATION

Motion if the Complaint fails to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004).

Plaintiff filed this civil action on October 1, 2007, using a form 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus against Warden Charles Daniels and the Bureau of Prisons ("BOP"). Plaintiff alleged that the prison guards at FCI-Sheridan are permitted to smoke in areas specifically designated as non-smoking areas, thereby subjecting plaintiff to second-hand smoke in violation of the Eighth Amendment. Because plaintiff sought monetary damages and injunctive relief based on the conditions of his confinement, and did not challenge the execution of his sentence, the court construed his pleading as a Complaint filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The court also determined that the case could not proceed against the BOP because, as an arm of the Government, the BOP is entitled to sovereign immunity. The court later substituted Warden Thomas as the defendant to this action when he replaced Charles Daniels as the Warden at FCI-Sheridan. At a subsequent telephonic conference, plaintiff voluntarily waived his claim for money damages against defendant Daniels, thus this case proceeds only on

2 - FINDINGS AND RECOMMENDATION

plaintiff's Eighth Amendment claim where he seeks prospective injunctive relief from Warden Thomas in his official capacity.[1]

Warden Thomas now moves to dismiss this case for lack of subject matter jurisdiction on the basis that he is being sued in his official capacity, therefore the suit must be construed as a claim against the BOP. He argues that because the court previously recognized that plaintiff cannot maintain this lawsuit against the BOP based on sovereign immunity, it must also reach the same conclusion regarding an official capacity suit against a BOP employee.

"Actions under [42 U.S.C.] § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). In the § 1983 context, the Supreme Court determined that "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not considered "persons" for purposes of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989). It was pursuant to this reasoning that the court dismissed the Bureau of

---

[1] Because plaintiff is left with only a claim for prospective injunctive relief against a federal official sued in his official capacity, it could be argued that the case has morphed from a *Bivens* action to a mandamus action. *Simmit v. U.S. Bureau of Prisons*, 413 U.S. 1225, 1231 (10th Cir. 2005). Whether the case is best classified as a *Bivens* or mandamus action at this point does not affect the disposition of defendant's Motion to Dismiss.

3 - FINDINGS AND RECOMMENDATION

Prisons from this lawsuit. However, the same rationale does not apply to defendant Thomas.

"When sued for prospective injunctive relief, a state official in his official capacity *is* considered a 'person' for § 1983 purposes. *Id* at 71 n.10 (emphasis in original). Under the doctrine of *Ex Parte Young*, suits against an official for prospective relief are generally permissible, whereas claims for retrospective relief are not. *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). The *Ex Parte Young* doctrine "creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself." *Thomas v. Nakatani*, 309 F.3d 1203, 1208 (9th Cir. 2002). As such, defendant Thomas is not entitled to sovereign immunity because he is being sued in his official capacity for prospective injunctive relief. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979) (Constitution does not bar suits against state officials acting in their official capacities for prospective injunctive relief); *Pittman v. Oregon Employment Dept.*, 509 F.3d 1065, 1071 (9th Cir. 2007) (same); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005) (mandamus relief sought from a federal official in his official capacity is not limited by sovereign immunity); 5 U.S.C. § 702 (codifying this exception to sovereign immunity in the Administrative Procedures Act). The Motion to Dismiss should therefore be denied.

4 - FINDINGS AND RECOMMENDATION

///

///

## II. Motion for Judgment by Default

Plaintiff asks the court to find defendants in default, but has provided no specific reason to do so, and the court finds no valid reason to support the Motion. In addition, the court notes that the Motion is not accompanied by a certificate of service, and defendant has not responded to the Motion. These facts lead the court to conclude that plaintiff has not served a copy of his Motion on defendant as required by Fed. R. Civ. P. 5(a). For these reasons, plaintiff's Motion should be denied.

### RECOMMENDATION

For the reasons identified above, defendant's Motion to Dismiss (#26) should be DENIED, and plaintiff's Motion for Judgment by Default (#31) should be DENIED.

### SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge

will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 12 day of May, 2009.

_____
John Jelderks
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION